IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


BARBARA A. ADAMS,
ON BEHALF OF TOBE J. BELL, JR.,
DECEASED                                                                                          PLAINTIFF

VS.                                                          CIVIL ACTION No. 3:07-CV-612-HTW-LRA

UNITED STATES DEPARTMENT OF
AGRICULTURE, FARM SERVICE AGENCY                                           DEFENDANT


## ORDER GRANTING MOTION TO DISMISS

Before the court is a motion to dismiss brought pursuant to Federal Rule of Civil

Procedure 12(b)(1) and (6),[1] or in the alternative, for summary judgment pursuant to

---

[1]Federal Rule of Civil Procedure 12(b) provides grounds on which a party may make a motion to dismiss. The rule reads:

> Every defense to a claim for relief in any pleading must be asserted in the
> responsive pleading if one is required. But a party may assert the following
> defenses by motion:
>   (1) lack of subject-matter jurisdiction;
>   (2) lack of personal jurisdiction;
>   (3) improper venue;
>   (4) insufficient process;
>   (5) insufficient service of process;
>   (6) failure to state a claim upon which relief can be granted; and
>   (7) failure to join a party under Rule 19.
>
> A motion asserting any of these defenses must be made before pleading if a
> responsive pleading is allowed. If a pleading sets out a claim for relief that does
> not require a responsive pleading, an opposing party may assert at trial any
> defense to that claim. No defense or objection is waived by joining it with one or
> more other defenses or objections in a responsive pleading or in a motion.

Rule 56[2] [docket no. 10], filed by the defendant United States Department of Agriculture, Farm Service Agency ("Farm Service Agency"). The plaintiff, Barbara A. Adams, on behalf of Tobe J. Bell, Jr., Deceased, seeks monetary damages for Farm Service Agency's alleged acts of racial discrimination against her father, a deceased black farmer, concerning loans issued to him by the Farm Service Agency. The defendant argues that this case should be dismissed due to this court's lack of subject matter jurisdiction and the running of the applicable statute of limitations.

## I. Background and Procedural Facts

On October 15, 2007, plaintiff Barbara A. Adams filed her complaint in this court on behalf of Tobe J. Bell, Jr., her deceased father who was an African-American farmer, against the United States Department of Agriculture, Farm Service Agency. Adams alleges that Farm Service Agency subjected her father to race discrimination and retaliation. She requests relief in the amount of $143,316.98.

---

[2]Federal Rule of Civil Procedure 56 governs summary judgment. The rule, in pertinent part, provides:

> (b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.
>
> (c) Time for a Motion, Response, and Reply; Proceedings.
>   (1) These times apply unless a different time is set by local rule or the court orders otherwise:
>     (A) a party may move for summary judgment at any time until 30 days after the close of all discovery;
>     (B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and
>     (C) the movant may file a reply within 14 days after the response is served.
>   (2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Adams provided the following facts in her complaint. Adams' father applied for loans from the United States Department of Agriculture between the years of 1976 and 1981. Her father died in March, 1985. Subsequently, her family requested paperwork concerning the loans but was not provided with any until after they had applied with the Black Farmers Class Action Suit, (referring to the lawsuit of *Pigford v. Glickman*, cited below). She requests relief for discriminatory loans issued from 1977 to1980.

The Farm Service Agency provided the following facts. Between 1976 and 1981, Tobe J. Bell, Jr., applied for, and was granted, fourteen loans by the Farm Service Agency, of which seven remain outstanding. As security for the loans, Bell had executed deeds of trust in favor of the Farm Service Agency which constitute a first priority lien on 116.5 acres of land and a house previously owned by Bell and now owned by the heirs of Bell's estate.

In 1999, a class of African-American farmers filed suit against, and subsequently entered into a consent decree with, the United States Department of Agriculture (USDA). The United States District Court for the District of Columbia entered the consent decree on April 14, 1999, in *Pigford v. Glickman*, 185 F.R.D. 82 (D.D.C. 1999), *affirmed by Pigford v. Glickman*, 206 F.3d 121 (D.C. Cir. 2000). The consent decree provided for two tracks of settlement. Track A provided the Pigford plaintiffs with $50,000.00 and loan forgiveness for meeting a minimal burden of proof. Track B had no cap on the recovery amount, but required the plaintiffs to prove their claims by a preponderance of the evidence.

In 1999, Lillie Bell Pittman filed a claim on behalf of her deceased father, Tobe J. Bell, Jr., under Track A. On November 5, 1999, an Adjudicator found that Tobe J. Bell,

Jr., had been the victim of discrimination. During the years of 1981, 1982, 1983, and 1984, Bell could only receive his loan funds through a supervised bank account. Moreover, he untimely received his funds in late June 1984 – after the planting season, when he had applied for the loan in February 1984. The Adjudicator found that Bell had been treated differently from similarly situated white farmers who had received their loans in a timely manner.

The Pigford consent decree provided for notice to USDA of putative class members and an opportunity for USDA to submit materials relevant to liability or damages to the Adjudicator. Farm Service Agency stated that it chose not to submit any materials to the Adjudicator.

As provided under the consent decree, Bell's estate was awarded a check in the amount of $50,000 on February 4, 2000; discharged of operating loan debt for the years 1981-1985; and paid an additional 25.0% of the sum of $50,000 to cover federal taxes. Under the consent decree, the Adjudicator's decision was final, except that the losing side could petition for review by a court-appointed monitor. The consent decree further provided that those who pursued claims according to the consent decree, as had the Bells, agreed to release the United States and the USDA and its agencies from all other race-based claims of discrimination in implementation of USDA credit programs unless the operative facts occurred after the entry of the consent decree, which was April 14, 1999.

Of Bell's seven outstanding loans, as of the date of the hearing, the Farm Service Agency alleges that Bell's estate owes it $67,143.97 in principal, plus accrued interest of $89,996.63 for a total debt of $157,139.60. Interest continues to accrue at a

4

daily rate of $10.36. Farm Service Agency represents that these are the normal and customary borrower costs to which Bell agreed when he executed the promissory notes and deeds of trust in connection with his loan requests.

## II. Analysis of Law

### A. Subject Matter Jurisdiction

Adams's complaint seeks relief for racial discrimination regarding Bell's loan applications with the Farm Service Agency. The Equal Credit Opportunity Act (ECOA), Title 15 U.S.C. §§ 1691-1691f (ECOA), provides the basis for claims of discrimination in credit transactions. *See* 15 U.S.C. § 1691; *Pigford v. Glickman*, 185 F.R.D. 82, 86 n.1 (D.D.C. 1999). The ECOA contains a waiver of the United States' sovereign immunity. *Hall v. United States*, 69 Fed. Cl. 51, 55 (Fed. Cl. 2005). That waiver permits a loan applicant who has been treated in a discriminatory manner to bring an action in United States district court. *Hall*, 69 Fed. Cl. at 55 (citing *Moore v. U.S. Dept. of Agriculture On Behalf Of Farmers Home Admin.*, 55 F.3d 991, 994 (5th Cir. 1995)). Any action under Title 15 U.S.C. § 1691 "may be brought in the appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction." Title 15 U.S.C. § 1691e(f). Therefore, because the claims raise a federal question, the court finds that it has subject matter jurisdiction of this matter pursuant to Title 28 U.S.C. § 1331.[3]

Defendant challenges the viability of plaintiff's lawsuit. Defendant's arguments

---

[3]Section 1331 provides:

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

are straightforward: (1) plaintiff's claims are encompassed within, and thus, have been terminated by, the *Pigford* consent decree and (2) the statutes of limitations for the governing statutes have expired.

### III. *Res Adjudicata*

The consent decree expressly states that it offers relief for qualifying individuals who were discriminated against by the USDA regarding application for a farm credit or benefit program between certain years. Those years are between January 1, 1981, and December 31, 1996.

In the present matter, Adams raises claims for discrimination regarding loans sought between 1977 and 1980. The Farm Service Agency has conceded that neither the *Pigford* consent decree nor the waiver of claims therein applies to or bars Adam's claims. Therefore, the court rejects the Farm Service Agency's argument that this court, pursuant to the doctrine of *res adjudicata*, lacks subject matter jurisdiction.

### IV. Statute of Limitations

The Farm Service Agency argues that Adams's claims are barred under the Administrative Procedures Act (APA), 5 U.S.C. §702, et seq. A cause of action seeking judicial review under the APA, accrues at the time of final agency action. *Preminger v. Secretary of Veterans Affairs*, 498 F.3d 1265 (Fed. Cir. 2007). In this instance, defendants contend that would have been when the Adjudicator's Decision was issued on November 5, 1999. Title 28 U.S.C. §2401(a)[4] instructs that actions filed under the

---

[4]Title 28 U.S.C. Section 2401(a) states:

Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is

APA must be filed within six years "after the right of action first accrues."  The six-year limitation period for filing suit seeking review of the final agency decision in this case, defendants argue, passed November 6, 2005.  As mentioned above, all parties have agreed, and this court concludes that plaintiff's claims are not seeking review of the Adjudicator's Decision issued in association with the *Pigford* consent decree.  Therefore, the APA does not apply and does not bar plaintiff's claims.

The Farm Service Agency also argues that Adams' claims are barred under the statute of limitations provided by the ECOA.  The ECOA provides that no private cause of action may be brought later than two years after "the occurrence of the violation."  Title 15 U.S.C. § 1691e(f).[5]  The date of the occurrence of the violation is when the claimant had "a sufficient indicium of existence" of the discrimination. *Farrell v. Bank of New Hampshire-Portsmouth*, 929 F.2d 871, 874 (1st Cir. 1991).  Undisputably, that

---

filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

[5]Title 15 U.S.C. Section 1691e states in pertinent part:

(f) Jurisdiction of courts; time for maintenance of action; exceptions. Any action under this section may be brought in the appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction. No such action shall be brought later than two years from the date of the occurrence of the violation, except that--
    (1) whenever any agency having responsibility for administrative enforcement under section 704 [15 USCS § 1691c] commences an enforcement proceeding within two years from the date of the occurrence of the violation,
    (2) whenever the Attorney General commences a civil action under this section within two years from the date of the occurrence of the violation,

then any applicant who has been a victim of the discrimination which is the subject of such proceeding or civil action may bring an action under this section not later than one year after the commencement of that proceeding or action.

date occurred at the latest by November 5, 1999, the date of the adjudication in *Pigford*. Thus, under the ECOA, the statute of limitations ran no later than November 6, 2001, and plaintiff's claims were barred when she filed suit on October 15, 2007.

The court, concerned by the daily interest accrual, asked the parties whether such constitutes a continuing wrong such that an equitable tolling provision, or the like might apply to this matter. Neither party could knowledgeably address this question during the initial hearing to resolve the defendant's motion to dismiss; so, the court then ordered each side to submit research on the question presented. The court held another hearing and reviewed the additional submissions by each party.

This court finds *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999), instructive. With regard to Title VII claims, the Fifth Circuit said "We have held equitable tolling to apply in the following situations: (1) during the pendency of an action before a state court that has jurisdiction over the subject matter of the suit, but that is the wrong forum under state law; (2) until the claimant knows or should know the facts giving rise to her Title VII claim; and (3) when the EEOC misleads the claimant about the nature of her rights under Title VII." *Id*. Circumstances beside these might merit equitable tolling. *Id.* The claimant bears the burden of justifying equitable tolling. *Id.*

The Farm Service Agency argues, with no opposition, that the interest applied to the loans was not imposed in a fraudulent or deceptive manner. None of the circumstances enumerated in *Hood* apply to this case. Further, Adams has failed to persuade the court that any other reasons justify equitable tolling. She has failed to persuade this court that she has actively pursued judicial remedies and exercised due

8

diligence in such a manner as to trigger equitable tolling. *Perez v. United States*, 167 F.3d 913, 917 (5th Cir. 1999) ("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights") (quoting *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 94-96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990)). Now satisfied that the daily interest rate does not impact upon the statute of limitations, the court finds that the statute of limitations under the ECOA has run.

## V. Conclusion

For the foregoing reasons, the court grants defendant's motion to dismiss [docket no. 10].

**SO ORDERED** this the 31st day of March, 2010.

                               **s/ HENRY T. WINGATE**
                               **CHIEF JUDGE**
                               **UNITED STATES DISTRICT COURT**

Civil Action No. 3:07-cv-612 HTW-LRA
Order Granting Motion to Dismiss